UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LILLIAN S., | ) |
|         **Plaintiff** | ) ) ) |
| v. | )   No. 2:21-cv-00293-JDL ) |
| KILOLO KIJAKAZI, Acting Commisioner of Social Security, | ) ) ) ) ) |
|         **Defendant** | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erroneously weighed the opinion evidence of record in assessing both her mental and physical residual functional capacity (RFC). *See* Statement of Errors (ECF No. 12) at 12-17. For the reasons that follow, I recommend that the Court affirm the decision.

**I. Background**

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of osteoarthritis of the feet and knees, with congenital deformity of the feet, borderline intellectual functioning, anxiety disorder, and depressive disorder, *see* Record at 14, (2) retained the RFC to perform light work except that she was limited to four hours of standing or walking in an eight-hour workday; could frequently kneel, crouch, crawl, and climb ramps or stairs; could occasionally climb ladders, ropes, or scaffolds; needed to avoid concentrated exposure to pulmonary

1

irritants; could understand and remember simple tasks and procedures but not complex or detailed tasks; could work for two-hour blocks performing simple tasks over the course of a normal workday and workweek; could not work with the public but could work with coworkers and supervisors in a normal work setting; and could adapt to routine changes, avoid common hazards, travel, and make basic decisions, *see id*. at 18, (3) could perform jobs existing in significant numbers in the national economy, *see id*. at 24, and (4) therefore had not been disabled at any time from April 19, 2016, the date her disability application was filed, through May 3, 2021, the date of the decision, *id*. at 25. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff contends that, in assessing her mental RFC, the ALJ erroneously gave (1) greater weight to the opinions of two agency nonexamining consultants, in particular the February 2017 opinion of Brian Stahl, Ph.D., (2) only some weight to the December 2015 opinion of Rebecca M. L. Gleeson, Psy.D, N.C.S.P., who conducted a Neurobehavioral Status Examination, and (3) little weight to the September 2016 case analysis of agency nonexamining consultant Laura Eckert, Ph.D. *See* Statement of Errors at 13-17.

She adds that, in assessing her physical RFC, the ALJ wrongly gave greater weight to the March 2017 opinion of agency nonexamining consultant J. H. Hall, M.D., than to the September 2016 opinion of agency examining consultant Arthur M. Scott, Jr., M.D. *See id.* at 16-17. Finally, she argues that the ALJ erroneously relied on her "limited and sporadic activities of daily living in assessing the opinion evidence of record in the course of determining her RFC." *Id.* at 17.

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this Court defers to an ALJ's weighing of the evidence, which is the core duty of an ALJ. *See, e.g., Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The Secretary may (and, under his regulations, must) take medical evidence. But the

3

resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

ALJs need not cite or discuss all potentially relevant evidence of record, nor could they feasibly do so given the volume of most medical records. *See, e.g.*, *Newcomb v. Colvin*, No. 2:15-cv-463-DBH, 2016 WL 3962843, at *10 (D. Me. July 22, 2016) (rec. dec.) ("The [ALJ] was not required to discuss every detail of every [medical expert] opinion."), *aff'd*, 2016 WL 4250259 (D. Me. Aug. 10, 2016).

Accordingly, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019). Yet, with some exceptions, the Plaintiff does just that, cataloguing contrary evidence not cited by the ALJ or proffering different interpretations of the evidence he did cite. *See* Statement of Errors at 13-17. This amounts to an unavailing invitation to the Court to reweigh the evidence.

The Plaintiff's remaining discrete points fall short of warranting remand. The Plaintiff argues that the ALJ's reliance on the Stahl opinion was misplaced because Dr. Stahl did not have the benefit of review of the Gleeson report, which she contends the ALJ erroneously discounted. *See id.* at 15. However, the Plaintiff has not shown that the Gleeson report would have been material to Dr. Stahl's review.

The ALJ gave the Gleeson report some weight, to the extent that it supported a limitation to simple tasks, "but not otherwise due to the [Plaintiff's] inconsistent

4

efforts." Record at 21. The ALJ observed that "Dr. Gleeson noted variable engagement in testing, such that the 'results may underestimate [the Plaintiff's] optimal abilities.'" *Id*. The Plaintiff complains that, in so finding, the ALJ ignored an inconsistency in the Gleeson report concerning the extent to which the Plaintiff was engaged in testing. *See* Statement of Errors at 13-14. She points out that, in a section of the report titled "Behavior During Testing," Dr. Gleeson noted that the Plaintiff "[a]ppeared to put forth consistent and adequate effort" and "was interested in many of the presented tasks." *Id*. at 13 (quoting Record at 1648).

The ALJ did not acknowledge that statement, *see* Record at 21; however, in the circumstances, any error in failing to do so is harmless. In both the "Test Findings" and "Impressions" sections of her report, Dr. Gleeson described the Plaintiff as having put forth a varied or variable effort in testing, as a result of which the results might "not reflect a valid representation of [the Plaintiff's] optimal abilities" and were representative of her performance only on the day of the test. *Id*. at 1648-49. The ALJ supportably focused on the latter two express warnings concerning the validity of the test results obtained. In any event, Dr. Gleeson's opinion was consistent with that of Dr. Stahl to the extent that she found that the Plaintiff "would likely be most successful in a position that provides external structure, consistency, repetition in tasks and responsibilities that are not too complex or time sensitive." *Id*. at 1651.

The Plaintiff, accordingly, fails to demonstrate her entitlement to remand on this basis. *See O'Bannon v. Colvin*, No. 1:13-cv-207-DBH, 2014 WL 1767128, at *7 (D. Me. Apr. 29, 2014) (claimant's failure to demonstrate why evidence unseen by

5

medical experts "would necessarily have altered their opinions in a manner favorable" to him was fatal to his bid for remand on that basis).

The Plaintiff next challenges Dr. Stahl's reliance on an August 2016 evaluation by agency examining consultant Donna M. Gates, Ph.D., on the bases that Dr. Gates undertook no objective testing apart from performing a mental status examination and characterized borderline intellectual functioning as a "rule out" diagnosis when the diagnosis had been confirmed by agency examining consultant Richard J. Parker, Ph.D., in 2015. Statement of Errors at 15. The first point invites the Court to reweigh the evidence, and the Plaintiff fails to show why the second point matters. *See Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("[A] remand is not essential if it will amount to no more than an empty exercise.").

The Plaintiff also faults the ALJ's assignment of little weight to the "reviewing opinion" of Dr. Eckert on the basis that Dr. Eckert relied heavily on a function report by case manager Joanne Dubois, which the ALJ mischaracterized as subjective and as generally tracking the Plaintiff's self-report when Ms. Dubois had detailed her own observations of the Plaintiff. Statement of Errors at 15-16. The ALJ reasonably characterized the Dubois report as "generally"—not entirely—tracking the Plaintiff's report. Record at 22; *compare id*. at 427-34 *with id*. at 435-42. In any event, the Plaintiff fails to demonstrate the harmfulness of any purported error. As the ALJ noted, Dr. Eckert merely stated that there was "insufficient evidence upon which to evaluate the [Plaintiff's] mental functioning." *Id*. at 22, 1372. The consultants on whose opinions the ALJ relied found otherwise.

6

The Plaintiff further asserts that, in assessing her physical RFC, the ALJ wrongly characterized Dr. Scott as having "relied, at least in part, on the [Plaintiff's] subjective assessment of her functioning"—a material error because she would have been found disabled had the ALJ credited either Dr. Scott's finding that she could lift/carry 10 pounds or his finding that she had limited capacity to reach overhead bilaterally. Statement of Errors at 16-17 (quoting Record at 22). Yet, Dr. Scott had noted the Plaintiff's subjective allegations, *see* Record at 1373-74, and the ALJ drew a fair inference that he partly relied on them.[1]

Finally, the Plaintiff contends that the ALJ erred in relying in part on her "limited and sporadic activities of daily living in assessing the opinion evidence of record in the course of determining her RFC." Statement of Errors at 17. Contrary to the Plaintiff's argument, while an ALJ may not rely solely on activities of daily living to assess a claimant's RFC, he or she may take them into account in weighing the expert opinion evidence of record. *See, e.g., Coskery v. Berryhill*, 892 F.3d 1, 7 (1st Cir. 2018) (ALJ permissibly relied in part on claimant's daily activities in finding that he had the capacity to perform light work). The ALJ supportably considered the Plaintiff's regular activities—which included cooking for one to two hours, cleaning

---

[1] In any event, even if the ALJ erred in so finding, he did not discount Dr. Scott's findings solely on that basis. He explained that, while the Scott opinion was "given some weight" because it was "partially consistent with the objective record as a whole," he gave the Hall opinion greater weight because it was "more closely aligned with the objective treatment record" and Dr. Scott "had only seven pages of medical records available for review." Record at 22. In turn, he gave great weight to the Hall opinion "because it was prepared by someone familiar with Agency law and policy, it is consistent with the diagnostic and physical examination findings throughout the record, and is not contradicted by the [Plaintiff]'s statements regarding her activities, including the fact that she cleans her home for 1-2 hours on a daily basis and the fact that she walks for both exercise and transportation." *Id.* The Plaintiff, hence, identifies no reversible error.

for one to two hours, going outside, independently managing money, and taking care of her daughter and her animals—more consistent with the opinions credited than those that were not.  *See* Record at 21.

### IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: September 13, 2022

/s/ Karen Frink Wolf  
United States Magistrate Judge